IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERESA A. ESPOSITO, | : | No. 3:11cv974 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|     v. | : | |
| | : | |
| GARY P. BELLOTTI, | : | |
|     Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is Defendant Gary P. Bellotti's (hereinafter "defendant") motion to dismiss Plaintiff Teresa A. Esposito's (hereinafter "plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10). The matter is fully briefed and ripe for disposition. For the following reasons, the court will deny defendant's motion to dismiss.

**Background**

Plaintiff filed a one-count complaint sounding in negligence on May 20, 2011. (See Doc. 1, Compl. (hereinafter "Compl.")). Plaintiff seeks to recover damages for injuries sustained as a result of a car accident. (Id.) The car accident occurred on May 23, 2009 at approximately 2:50 p.m. in Stroudsburg, Pennsylvania. (Id. ¶ 4). Defendant's vehicle struck plaintiff's vehicle after defendant attempted to make a left turn. (Id. ¶ 5).

Defendant filed a waiver of service on July 27, 2011. (Doc. 2, Waiver of Service). On the same day he waived service, defendant notified the court

that he was pursuing a Chapter 7 voluntary bankruptcy petition in the District of New Jersey. (Doc. 4, Letter dated July 27, 2011; Doc. 10-1, Ex. E, Bankr. Pet.). On July 28, 2011, the court ordered the above-captioned case administratively closed during the pendency of the bankruptcy litigation. (Doc. 5, Order dated July 28, 2011). The court's July 28, 2011 order also provided that the parties may reopen this action upon the resolution of the bankruptcy matter. (Id.)

During the bankruptcy proceedings, defendant amended Schedule F of his bankruptcy petition and included plaintiff and her attorney as unsecured creditors. (Doc. 10-1, Ex. E, Amended Schedule F). On July 29, 2011, the bankruptcy court issued an order discharging defendant's debts. (Doc. 10-1, Ex. F, Discharge Order dated July 29, 2011). At no time did plaintiff file a claim in the bankruptcy court or object to the discharge of defendant's debts. (Doc. 10, Mot. to Dismiss ¶ 13; Doc. 11-1, Pl.'s Answer to Def.'s Mot. to Dismiss ¶ 13). The bankruptcy court closed defendant's case on August 17, 2011. (Doc. 10-1, Ex. E, Docket Sheet).

On January 28, 2013, defendant informed the court that the bankruptcy action had been resolved and that the parties wished for the case to be reopened. (Doc. 6, Letter dated Jan. 28, 2013). The court reopened this case on February 4, 2013. (Doc. 9, Order dated Feb. 4, 2013). On February

2

7, 2013, defendant filed the instant motion to dismiss, (Doc. 10, Mot. to Dismiss), bringing this case to its current procedural posture.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff Theresa A. Esposito is domiciled in and a citizen of Pennsylvania. (Compl. ¶¶ 1-2). Defendant Gary P. Bellotti is domiciled in and a citizen of New Jersey. (Id. ¶¶ 1, 3). Because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, the court has jurisdiction over the case. See 28 U.S.C. § 1332. As a federal district court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of Review**

The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare

v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

Defendant contends that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.  Defendant asserts that he is entitled to relief because plaintiff failed to intervene in the bankruptcy action prior to the bankruptcy court's discharge of defendant's debts.  Defendant points to Pennsylvania

4

state law to support his contention that the bankruptcy discharge extinguishes plaintiff's claim. Plaintiff disagrees with defendant's contentions, and she asserts that she can maintain the instant tort action without having lodged an objection during the bankruptcy proceedings. After careful consideration, the court agrees with plaintiff.

Plaintiff can continue this action against defendant to establish liability and recover from defendant's insurer. The Bankruptcy Code provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). The construction of § 524(a)(2) of the Bankruptcy Code is affected by § 524(e), which provides: "[e]xcept as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e).

Given the language of § 524(e), courts have consistently held that the § 524(a)(2) injunction does not affect the liability of liability insurers and does not prevent establishing their liability by proceeding against a discharged debtor. See In re Edgeworth, 993 F.2d 51, 54 (5th Cir. 1993); First Fidelity Bank v. McAteer, 985 F.2d 114, 118 (3d Cir. 1993); Green v. Welsh, 956 F.2d

5

30, 33 (2d Cir. 1992); In re Jet Fla. Sys., Inc., 883 F.2d 970, 976 (11th Cir. 1989); In re The Loewen Grp.Inc., No. 98-6740, 2004 WL 1853137, at *23-24 (E.D. Pa. Aug. 18, 2004). On this issue, the Third Circuit Court of Appeals has specifically held that "the protection from liability afforded the debtor under the Code does not affect the liability of the debtor's insurer. Courts, relying on 11 U.S.C. § 524(e), have allowed claimants to proceed with tort claims against the debtor for the purpose of collecting from the debtor's liability insurer." McAteer, 985 F.2d at 118 (citations omitted).

Defendant ignores this precedent. Rather, defendant relies upon Pennsylvania state court case law that fails to control the disposition of the instant motion. Defendant primarily relies upon Gubbiotti v. Santey, 52 A.3d 272 (Pa. Super. Ct. 2012), a case in which the plaintiff was foreclosed from pursuing a tort claim against the defendant for injuries sustained in a car accident. Id. at 274. The plaintiffs were listed as an unsecured creditor in the defendant's bankruptcy filings, and this unsecured debt was discharged by the bankruptcy court. Id. at 273. The plaintiffs argued on appeal that they should be permitted to pursue a claim directly against the defendants' insurer pursuant to 40 PA. STAT. ANN. § 117, which permits actions directly against the insurer where a judgment has been entered. Id. at 273-74. The Superior Court denied the plaintiff's appeal and held that this statute does not permit

6

direct actions against insurers before defendants' liabilities under the policy have been determined. Id.

In addition to relying on Gubbiotti, defendant also cites the well established Pennsylvania doctrine that car accident victims cannot ordinarily sue a liability insurer directly. Strutz v. State Farm Mut. Ins. Co., 609 A.2d 569, 570-71 (Pa. Super. Ct. 1992). In Strutz, the plaintiffs initiated a civil action against both the insured driver involved in a car accident as well as her insurer. Id. at 570. On appeal, the Pennsylvania Superior Court rejected the plaintiffs' theory that they could maintain a direct action against the liability insurer as a third-party beneficiary to the insurance policy with the tortfeasor. Id. at 570-71.

The instant case differs from Gubbiotti and Strutz, the only two cases upon which defendant relies. The courts in Gubbiotti and Strutz do not discuss 11 U.S.C. § 524(e)–the controlling section of the Bankruptcy Code at issue in this case. Moreover, unlike the plaintiffs in Gubbiotti and Strutz, the plaintiff here does not attempt to invoke Pennsylvania state law to pursue a direct action against a liability insurance carrier. Plaintiff does not contend that 40 PA. STAT. ANN. § 117 authorizes this action. Plaintiff does not claim to be a third-party beneficiary to defendant's insurance policy. Rather, plaintiff seeks to maintain this action against defendant in a nominal capacity so as to

establish liability for the purpose of collecting from defendant's liability insurance carrier.

Plaintiff's claim is similar to the plaintiff in Green v. Welsh, 956 F.2d 30 (2d Cir. 1992). In Green, the plaintiff brought a negligence action in state court against her landlords to recover for injuries sustained as a result of a fire at her apartment. Id. at 32. The claims against the landlords were covered by a $1 million insurance policy. Id. After the underlying action was initiated, the landlords filed for bankruptcy under Chapter 7 and listed the plaintiff as an unsecured creditor. Id. The plaintiff did not intervene or seek an exemption in the bankruptcy action, and the debt the landlords owed to her was discharged. Id. The plaintiff moved to reopen the state court negligence case, but the landlords obtained an injunction from the bankruptcy court blocking the action. Id. The injunction was appealed, and the Second Circuit Court of Appeals followed numerous other courts in holding that the bankruptcy discharge injunction does not bar such a suit. Id. at 33-34. Specifically, the court held that "§ 524 permits a plaintiff to proceed against a discharged debtor solely to recover from the debtor's insurer." Id. at 35.

This case, like Green, can proceed against defendant, the discharged debtor, to establish a basis for recovery from his insurer. In her filings with the court, plaintiff recognizes that the claim against defendant personally has

8

been discharged and that this action merely names defendant to establish liability to recover under his insurance policy.  (See Doc. 11, Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss at 6; Doc. 11-1, Pl.'s Answer to Def.'s Mot. to Dismiss ¶¶ 11-13).  Moreover, defense counsel has confirmed in numerous filings with the court that he is retained by defendant's liability insurance carrier, State Farm Mutual Insurance Company.  (See Doc. 4, Letter dated July 27, 2011; Doc. 10, Def.'s Mot. To Dismiss ¶ 2; Doc. 10, Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 2).  Accordingly, defendant bears neither the cost of mounting a legal defense nor the risk that he could be personally liable for a judgment entered against him.  The discharge injunction of § 524 does not bar plaintiff's claims and the court will deny defendant's motion.

**Conclusion**

For the above-stated reasons, the court will deny defendant's motion to dismiss.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERESA A. ESPOSITO,** | : | No. 3:11cv974 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **GARY P. BELLOTTI,** | : | |
| **Defendant** | : | |

## **ORDER**

**AND NOW**, to wit, this 7th day of August 2013, Defendant Gary P. Bellotti's Motion to Dismiss (Doc. 10) is hereby **DENIED**.

                                                **BY THE COURT:**

                                                **s/ James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **United States District Court**